# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMBRY JAY LOFTIS,<br><br>  Plaintiff,<br><br>v.<br><br>BILLY EADES, and<br>GAIL WILHITE,<br><br>  Defendants. | Case No. CIV-14-344-RAW<br>(related Case No. CIV-11-101-JHP) |

## ORDER & OPINION

  Plaintiff initially filed this 42 U.S.C. § 1983 action in this court on March 23, 2011. Plaintiff's motion to dismiss the action without prejudice was granted and the case was closed on September 4, 2013. Plaintiff then refiled the action in Carter County, Oklahoma on October 3, 2013. Plaintiff alleges that Defendants violated his clearly established federal and state constitutional rights by conspiring to arrest him by false report, to deny him his right to be secure in his person and free from unlawful search and seizure, to deny him his right to not be enslaved or deprived of life or property and to deny him his right to travel the public highway/roads without restraint on the same terms as all white citizens. Defendants removed the action to this court on August 18, 2014.

  Now before the court is Defendants' motion for summary judgment [Docket No. 57]. For the reasons set forth below, the motion is hereby granted. The motion in limine [Docket No. 40], therefore, is moot.

**SUMMARY JUDGMENT STANDARD**

The court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." Kimzey v. Flamingo Seismic Solutions, Inc., 696 F.3d 1045, 1048 (10th Cir. 2012). Of course, the court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

"Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1136 (10th Cir. 2003) (citation omitted).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Additionally, the court "need not consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

**UNDISPUTED MATERIAL FACTS[1]**

On January 2, 2009, at approximately 2:37 a.m., Defendant Officer Eades noticed Plaintiff's vehicle on the road with only one tail light working. Offense/Incident Report, Docket No. 58, Exh. 1, p. 2. Officer Eades then stopped Plaintiff. Id. When Officer Eades asked

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

Plaintiff for his driver license, Plaintiff handed him an Oklahoma ID card and stated that he had just been released from prison and had not had time to get his driver license. Id. at 3. Officer Eades checked for warrants or suspension. Id. Officer Eades then took Plaintiff into custody. Id. Officer Eades did not write a traffic citation before placing Plaintiff in handcuffs. Officer Eades' Response to Plaintiff's Requests for Admissions, Docket No. 62, Exh. 2, p. 29. Plaintiff claims that when he was taken into custody, Officer Eades told him that he was not being arrested.

Defendant Officer Wilhite arrived and transported Plaintiff to the jail. Docket No. 58, Exh. 1, pp. 3 and 7. During booking, Plaintiff was found to have $457.02 that was almost entirely in ten and twenty denominations and folded individually in half. Id. The money was seized for forfeiture. Id. While taking an inventory of Plaintiff's vehicle before impound, Officer Eades discovered a small plastic bag that contained a white powdery rock-like substance. Id. at 3. Officer Wilhite returned to the location of the stop and conducted a field test. Id. at 3 and 7. The substance tested positive for cocaine. Id. at 3 and 7. Officer Wilhite wrote 2:37 a.m. as the approximate time on the presumptive field test form. Docket No. 62, Exh. 4, p. 35.

Plaintiff was booked on charges of operating a defective motor vehicle, driving without a driver license and possession of cocaine. Id. at 3. See also Docket No. 58, Exhs. 2, 4 and 6. On March 26, 2009, at the request of the State, the charges against Plaintiff were dismissed. Docket No. 59, Exh. 7, p. 2. After being so directed, the State returned the $457.02 to Plaintiff. See Case No. CIV-11-101, Docket No. 17, p. 3.

**ANALYSIS**

*Statute of Limitations*

Plaintiff was arrested on January 2, 2009. The case against Plaintiff was dismissed on March 26, 2009. Plaintiff first filed this action on March 23, 2011. Case No. CIV-11-101-JHP. At Plaintiff's request, that action was dismissed on September 4, 2013. Plaintiff refiled the action in state court on October 3, 2013.

"[T]he statute of limitations in a § 1983 action filed in Oklahoma is two years from the time the cause of action accrued." Bedford v. Rivers, 176 F.3d 488 (10th Cir. 1999) (unpublished) (citing Wilson v. Garcia, 471 U.S. 261, 279 (1985) and 12 OKLA. STAT. § 95). "The running of the statute of limitations in a § 1983 action begins when the cause of action accrues, when 'facts that would support a cause of action are or should be apparent.'" Id. (citing Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995)).

Plaintiff alleges that the Defendants violated his constitutional rights by conspiring to arrest him by false report, to deny him his right to be secure in his person and free from unlawful search and seizure, to deny him his right to not be enslaved or deprived of life or property and to deny him his right to travel the public highway/roads without restraint on the same terms as all white citizens, all on January 2, 2009. The facts that support his cause of action were or should have been apparent to Plaintiff on January 2, 2009. The dismissal of the charges against him on March 26, 2009 would have just been the coming to fruition of what he already believed to be proper. Accordingly, the two-year statute of limitations began to run on January 2, 2009 and expired two years thereafter on January 2, 2011. Plaintiff's filing on March 23, 2011 was out of time. Defendant's motion, therefore, is granted, and this action is dismissed.

*Qualified Immunity*

Even if Plaintiff's action had been timely filed, it would have been dismissed against the Defendants in their individual capacities, as they are entitled to qualified immunity. "The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Mullenix v. Luna, 136 S.Ct. 305, 308 (2015) (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Id. (citing Malley v. Briggs, 475 U.S. 335, 341 (1986)).

When a defendant asserts qualified immunity in response to a summary judgment motion, the question is decided differently than in an ordinary summary judgment analysis. Vondrak v. City of Las Cruces, 535 F.3d 1198, 1204 (10th Cir. 2008). The burden shifts to the plaintiff, and the court employs a two-part test.[2] The court must determine whether: (1) "the facts that a plaintiff has [shown] make out a violation of a constitutional right," and (2) "the right at issue was clearly established[3] at the time of defendant's alleged misconduct." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993). See also Pearson, 555 U.S. at 815-16. Only if a plaintiff first meets this two-part test does a defendant bear the traditional summary judgment burden to show that there are no genuine disputes of material fact and that he or she is entitled to summary judgment as a matter of law. Kock v. City of Del City, 660 F.3d 1228, 1238 (10th Cir. 2011).

---

[2] District courts are permitted to exercise "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." Pearson, 555 at 236.

[3] For a law to be clearly established, there must be a case directly on point or "existing precedent must have placed the statutory or constitutional question beyond debate." Mullenix, 136 S.Ct. at 308. Clearly established law is not to be defined at a "high level of generality." Id. "The dispositive question is 'whether the violative nature of *particular* conduct is clearly established." Id.

Plaintiff has not shown a violation of any constitutional right. Plaintiff has offered no evidence that would suggest both of his tail lights were operational when Officer Eades stopped his vehicle. Thus, Officer Eades had probable cause to stop Plaintiff. It is undisputed that Plaintiff did not have a driver's license when Officer Eades stopped him. Thus, Officer Eades had probable cause to arrest Plaintiff. Upon taking him into custody, the Officers had the right to inventory and take possession of items in Plaintiff's vehicle and on his person. Plaintiff has offered no evidence to refute the fact that a white powdery substance that tested positive for cocaine was found in his vehicle upon his arrest. Based upon these undisputed material facts, the Defendant Officers are entitled to qualified immunity, as the stop, the arrest and the seizure of the $457.02 did violate Plaintiff's rights.

Plaintiff seems to argue that because Officer Eades did not arrest him immediately and checked for warrants first, the time to arrest him for driving without a license expired. That simply is not the case. Additionally, the fact that Officer Wilhite wrote 2:37 a.m. on the field test does not show a conspiracy to violate any of Plaintiff's rights. By itself, this fact shows nothing more than an error. The fact that the State voluntarily dismissed the action against him also does not show that the stop, arrest or seizure of property were improper. Plaintiff has not shown any violation of his rights or conspiracy to violate his rights.

### *Official Capacity*

Additionally, even if Plaintiff's action had been timely filed, it would have been dismissed against the Defendants in their official capacities. An action against a city employee in his official capacity is essentially the same as a suit against the city he represents. Kentucky v. Graham, 473 U.S. 159, 166 (1985) (citing Monell v. New York City Dept. of Social Services,

436 U.S. 658, 690 n. 55 (1978)). Municipalities, however, will not be held liable under § 1983 for simply employing a tortfeasor or under a theory of *respondeat superior*. Board of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 1388 (1997). Instead, a plaintiff must identify a municipal custom or policy that caused his injury. Id. Plaintiff has presented no evidence of any custom or policy of the City of Ardmore that caused him any harm.

**CONCLUSION**

Accordingly, the motion for summary judgment [Docket No. 57] is hereby GRANTED. The motion in limine [Docket No. 40] is MOOT.

**IT IS SO ORDERED** this 25th day of February, 2016.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**